## Case No. 4,657.

FARMERS' & MECHANICS' BANK v. STICKNEY et al.

[Brunner, Col. Cas. 543;[1] 8 Law Rep. 161.]

Circuit Court, D. Massachusetts. May Term, 1845.

Whereupon Mr. Coxe, for the plaintiffs,

Mr. Key cited Chit. Bills, 104.

## Case No. 4,656.

FARMERS' & MECHANICS' BANK v. MELVIN et al.

[2 Cranch, C. C. 614.][1]

Circuit Court, District of Columbia. May Term, 1825.

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

Choate and Crowninshield, for plaintiffs.
C. G. Loring and S. Bartlett, for defendants.

STORY, Circuit Justice, afterwards delivered the opinion of the court. He said that, although the question respecting the correctness of the charge to the jury, upon which the draft of $2,000 was disallowed, was not open upon the present report, yet, if it were, he remained of the same opinion which he then expressed. The ground upon which the defendants were held liable for the two drafts of $4,000 each was, that they were drawn under the authority given to him by the defendants, for the payment of debts incurred in purchases for them. and advances made by the bank with a full knowledge of his authority. But at the time the

draft of $2,000 was given, the authority had expired, and the bank knew the fact. The new draft was not obligatory upon the defendants, unless drawn in conformity with some new authority. It was not drawn in pursuance of such new authority, for the letter of the defendants was never shown to the bank. The original authority was limited to the amount of purchases made before the expiration of the authority. This limitation was known to the bank, and they, consequently, could not bind the defendants by any discounts, after the original authority had expired, except so far as the same were necessary to pay for the purchases, made before the expiration thereof. The draft of $2,000 was not required for any such purchases so made, and the defendants ought not to be bound by it.

The remaining question was, how was the money received under the award to be appropriated? It was to be applied precisely as required by the terms of the assignment. The law made no appropriation different from the intention of the parties. By that assignment, the expenses were to be first deducted, and the balance only applied to the discharge of all the debts contemplated in the assignment, which were the three drafts now in suit. The balance must be applied to all the debts, and consequently must be applied pro rata. Four fifths were to be appropriated to the two drafts of $4,000, and one fifth to the draft of $2,000.

To the suggestion, that an actual appropriation was made by the cashier, there were two answers, either of which would be decisive against it. First. No such appropriation was authorized by the directors, and without their authority no such appropriation could be validly made by the cashier; and, in fact, the cashier testified that he himself never intended to make any appropriation. Second. Under the assignment, no such appropriation could be made, unless by the positive consent of both parties, dispensing with, and recalling the original appropriation made in the assignment.

The result of the opinion of the court was, that the defendants were liable upon the two drafts of $4,000 each, with interest from maturity, until the receipt of the money under the award. The expenses were then to be deducted from the award, and four fifths of the balance ($3,823.48), were to be credited against the amount of those drafts. Upon the balance of the two drafts, after such deduction, the plaintiffs were entitled to interest up to the time when the verdict was rendered.